IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALONZO CURRY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 3:13-CV-379-P |
| | ) |
| RON SMITH, ET AL., | ) |
|     Defendants. | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**Parties:**

Plaintiff filed this miscellaneous action. He is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*. Defendants are Dallas City employees Ron Smith, Ricky White, David Vartian and Mike Vaughns.

**Factual background:**

Plaintiff states Defendants retaliated against him after he reported theft of city property. He claims his employment was terminated because of his report. He files suit under the Whistle Blower Protection Act and "retaliation under P.C. 36.06" and "conspiracy P.C. 15.02." (Magistrate Judge's Questionnaire, Answer No. 5.) Plaintiff seeks money damages.

**Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They

"must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff cites the Whistle Blower Protection Act as a basis for jurisdiction. Plaintiff has not cited any federal Whistle Blower Protection Act; nor does there appear to be a federal Whistle Blower Protection Act that would apply to his city employment. It appears Plaintiff's claims may arise under the Texas state Whistle Blower Protection Act.

Plaintiff also cites "P.C. 36.06 and 15.02." It appears these cites refer to the Texas Penal Code for Obstruction or Retaliation under Texas Penal Code § 36.06 and Criminal Conspiracy under Texas Penal Code § 15.02.

Plaintiff's claims asserts no federal statutory or constitutional basis for this suit. Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. In this case, Plaintiff lists the address of all parties as Dallas, Texas. Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise

that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of subject matter jurisdiction.

Signed this 29th day of April, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).